**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0393n.06
Filed: June 14, 2007

No. 06-3609

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff-Appellee, | ) |
| | ) |
| v. | )  ON APPEAL FROM THE |
| | )  UNITED STATES DISTRICT |
| RAPHAEL TURRELL, | )  COURT FOR THE SOUTHERN |
| | )  DISTRICT OF OHIO |
|     Defendant-Appellant. | ) |

BEFORE:    KEITH, BATCHELDER, and MOORE, Circuit Judges.

**DAMON J. KEITH, Circuit Judge.**  Defendant, Raphael Turrell, pled guilty to (1) conspiracy to distribute more than 500 grams of heroin and more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and (2) conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).  He was sentenced to 60 months imprisonment, and now appeals his sentence.  For the reasons that follow, we **AFFIRM**.

**I**

After agreeing to plead guilty to (1) conspiracy to distribute more than 500 grams of heroin and more than 500 grams of cocaine (in violation of 21 U.S.C. §§ 846 & 841(a)(1)) and (2) conspiracy to commit money laundering (in violation of 18 U.S.C. § 1956(h)), Turrell was sentenced at the lower end of the then-mandatory guideline range of 63-78 months (to wit, 63 months incarceration, 4 year supervised release and $200 in special assessments).  Turrell appealed his

1

sentence, but, before this Court could hear oral arguments, the parties agreed to remand for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005).

On remand, the district court resentenced Turrell to 60 months, departing from the now-advisory guideline sentencing range of 63-78 months. (All other terms and conditions of the original sentence were reimposed.) The recommended guideline range was based, in part, on the sentencing court's determination that 500 grams of heroin and 500 grams of cocaine could be attributed to Turrell's illegal dealings. Turrell did not object to this estimation. In fact, he admitted responsibility for 500 grams of heroin and 500 grams of cocaine during his change of plea hearing and in his plea agreement. A detective's testimony also supported the district court's estimation.

Nonetheless, for the second time, Turrell appeals his sentence—only to claim that the district court's attribution of 500 grams of heroin and 500 grams of cocaine to him was not based on the evidence. He claims responsibility for only "250 grams of heroin and approximately 135 grams of cocaine." (Appellant's Br. 11.)

## II

Since Turrell made no objection to the Presentence Report ("PSR") in the district court, the parties agree that the standard of review is "plain error." Under "plain error" review, Turrell must show that

> (1) an error occurred in the district court, (2) that was plain, (3) which affected substantial rights, (4) and seriously interfered with the fairness, integrity, or public reputation of the judicial proceedings.

*United States v. Treadway*, 328 F.3d 878, 883 (6th Cir. 2003).

A lengthy discussion on all four prongs of "plain error review" is unnecessary because Turrell cannot show that the district court committed an error— much less "plain error." His only objection

2

on appeal, as mentioned, pertains to the district court's attribution of 500 grams of heroin and 500 grams of cocaine to him. But, there was more than a "preponderance of the evidence" (the standard for judicial fact-finding post-*Booker*, *see United States v. Ferguson*, 456 F.3d 660, 665 (6th Cir. 2006)) to attribute these amounts to Turrell.

For one, he pled guilty to a "conspiracy to distribute more than *500 grams* of heroin and more than *500 grams* of cocaine," and there is no dispute as to the validity of his plea. Second, in response to the district court's question "[a]re you offering to plead guilty to conspiracy to distribute and possess with intent to distribute over *500 grams* of heroin and *500 grams* of cocaine because you did in fact commit that offense?" during his change of plea hearing, Turrell responded with a resounding "Yes." (JA 135.) Even more, after listening to a detective's testimony that "[t]he total narcotics attributable as relevant conduct to Raphael Turrell . . . is approximately *500 grams* of heroin and *500 grams* of cocaine," *id.* (emphasis added), the district court asked Turrell, "Was the statement correct?," to which he responded, "Yes." *Id.* The district court asked the question in the negative, "Was any part of the statement incorrect?" Turrell responded with an unequivocal "No." *Id.* at 135. Clearly, based on the detective's testimony as well as Turrell's own admissions (in his plea agreement and at his change of plea hearing), the sentencing court had more than a "preponderance of the evidence" to attribute 500 grams of heroin and 500 grams of cocaine to Turrell.[1]

---

[1] It is true that the PSR states that "Turrell stated that he really *believed* the amount of drugs he distributed . . . was *probably* a little less than the amount listed in the plea agreement, [and that ] he did not *understand* how he could have possibly distributed a half kilogram [i.e., 500 grams] of heroin as he was distributing very small amounts each day for approximately one year." (JA 88) (emphasis added.) Notably, however, the PSR only states that Turrell "*believed*" that the amount was "*probably*" less than 500 grams. At best, this sounds as if Turrell had some lingering doubts about the amount of drugs he distributed. Even so, it was the sentencing court's

Supposing the district court committed an "error" that was "plain," Turrell still has not established that such an error would affect his "substantial rights" (the third prong of plain error review). Turrell contends he should be responsible for only "250 grams of heroin and approximately 135 grams of cocaine." (Appellant's Br. 11.) If the Court were to accept this proposition, then Turrell's sentence of 60 months would not — indeed, *cannot* — decrease, given that the statutory minimum sentence for a § 841(a)(1) violation involving 100 or more grams of heroin "may not be less than 5 years" (or 60 months). *See* 21 U.S.C. § 841(b)(1)(B)(i). Moreover, Turrell has not alleged that any such error would affect his substantial rights in some other fashion. Hence, even had the district court committed plain error in attributing 500 grams of heroin and 500 grams of cocaine to Turrell (as he claims), his substantial rights would not be affected.

Needless to say, because Turrell has not established that the district court committed (1) an error, (2) that was plain, (3) which affected his substantial rights, the fourth prong of plain error review—dealing with the "fairness, integrity, or public reputation of judicial proceedings"—is likewise unfulfilled.

### III

According, because there is no "plain error," we **AFFIRM** the district court's sentence of 60 months.

---

prerogative to discount Turrell's incertitude—especially in light of the detective's testimony and Turrell's subsequent admissions and plea agreement. (JA 134-35.)